```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

MATTHEW S. GATLIN,              :
AIS #281586                     :
    Plaintiff,                  :
                                :
vs.                             :    CIVIL ACTION 14-63-KD-M
                                :
CYNTHIA STEWART,                :
    Defendant.                  :
                                :
```

## REPORT AND RECOMMENDATION

This action under 42 U.S.C. § 1983 brought by an Alabama prison inmate, Matthew S. Gatlin, proceeding *pro se* and *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's Complaint (Doc. 1), and Defendant Cynthia Stewart's Answer and Special Report (Docs. 15, 16). The Court has converted these documents into a Motion for Summary Judgment (Doc. 17), and, after consideration of such, and for the reasons set out below, it is recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's action be dismissed with prejudice.

### I. Facts and Proceedings

Based on the record before it, the Court summarizes the parties' relevant allegations as follows.

Plaintiff is an Alabama Department of Corrections ("ADOC"), inmate currently serving a ten-year sentence for a Burglary Third conviction. Plaintiff is currently housed at Limestone Correctional Facility (Doc. 9); however, the events about which Plaintiff complains took place at Fountain Correctional Facility. (Doc. 1). As a Defendant, Plaintiff names Cynthia Stewart, Warden III. (Doc. 1 at 5).

According to Plaintiff, on January 31, 2014, he "was busted by [ADOC] K-9 Unit for having contraband. [He] was placed in segregation at Fountain [] and on February 3, 2014, [he was informed that he was being] plac[ed] in the 'hot dorm.'" (Doc. 1 at 4). Plaintiff contends he responded that he could not be placed in the hot dorm because, with the contraband he was busted with, he would be attacked by other inmates. (*Id.*). Plaintiff states that he sent Defendant Stewart an inmate request concerning this, but was placed in the hot dorm anyway. He claims that within two hours of moving in the hot dorm, he was "viciously attacked by two inmates [and] was beaten and stomped all in my face and back." (*Id.* at 4-5). Plaintiff alleges that Defendant Stewart neglected to protect him from this attack despite informing her that he would be attacked. (*Id.* at 5). Plaintiff mentions a body chart of

2

the injuries he sustained due to the attack, but, after a thorough search of the record, and inquiry with the intake Clerk, the Court was unable to locate such medical records.

In formulating his charge against Defendant Stewart, Plaintiff only alleges that she committed negligence against him. (*Id.* at 5). However, in his request for relief, he asks for "$300,000 for cruel and unusual punishment [and] $300,000 for negligence." (*Id.* at 7). Because negligence is not actionable under 42 U.S.C. § 1983, it is recommended that Plaintiff's claim be denied. *Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir. 2003)(to state an Eight Amendment claim, an inmate must allege and prove that a defendant's conduct is more than mere negligence and rises to the level of deliberate indifference). However, out of an abundance of caution, the Court will alternatively treat Plaintiff's Complaint as alleging an Eighth Amendment claim.

Defendant Stewart filed her Answer and Special Report denying liability for any and all of Plaintiff's claims against her. (Docs. 15, 16). Specifically, Defendant states that she neither had knowledge, nor cause to know, that Plaintiff would be attacked if he was placed into E-

3

dorm.[1]  (Doc. 16-1 at 1).  She attests that if Plaintiff did, in fact, submit a request to this extent, she would not have received it because requests submitted to her are not retrieved until the following morning, not later than 8:30 a.m., Monday through Friday.  (*Id.*).  Defendant Stewart identifies the inmates who attacked Plaintiff as inmates LaZay Mason and Caranzo Jackson, and avers that they were not validated enemies of Plaintiff on the day in question.  (*Id.*).  Defendant further swears that, as Warden of Fountain, she does not assign inmates to housing areas. (*Id.*).  although given the opportunity to do so, Plaintiff did not file a response to Defendant's Answer and Special Report being treated as a motion for summary judgment.

The Court takes judicial notice that January 31, 2014, when Plaintiff was initially moved into segregation, was a Friday.  The date Plaintiff was moved into E-dorm and the date of the assault, February 3, 2014, was the following Monday.  It is unclear from the record what time Plaintiff was informed that he would be moved to E-dorm, though he does admit that he was informed of the move on February 3, 2014.  The record is also unclear as to what time it was on

---

[1] The Court presumes that Plaintiff's reference to the "hot dorm" is the same dorm that Defendant refers to as "E-dorm." The Court will refer to the location of the attack as taking place in E-dorm.

4

February 3rd, when Plaintiff submitted his request to Defendant that he not be moved into E-dorm. Defendant Stewart likewise does not notate the time the request was submitted, but she does state that if a request is submitted, it is retrieved not later than 8:30 a.m. the following day, Monday through Friday. (Doc. 16-1 at 1). Thus, based on the facts as presented in the record, the Court deducts that Plaintiff had to submit his request some time after 8:30 a.m. on Monday, February 3, 2014, thereby precluding Defendant Stewart from receiving Plaintiff's request before he was moved to E-dorm on that date.

## II. Summary Judgment Standard

In analyzing the propriety of a motion for summary judgment, the Court begins with the following basic principles. The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to the party who moves for summary judgment. FED.R.CIV.P. 56(a). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from

it, in the light most favorable to" that party. *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989). However, Rule 56(e) states that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED.R.CIV.P. 56(e). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted). "Summary judgment is mandated where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007).

III. Discussion

As set out above, Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 for the injuries he received on February 3, 2014, by two inmates who attacked him due to Defendant Stewart's alleged failure to protect him from such an attack. (Doc. 1). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (1994). Additionally, the Eighth Amendment provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from exhibiting deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

In *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989), the Supreme Court summarized a state's constitutional responsibilities with regard to inmates:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being . . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – *e.g.*, food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

*Id.* at 189-200 (citations omitted).

In order to prevail on his Eighth Amendment claims, Plaintiff must prove three elements: "(1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citations omitted), (2) the defendant's 'deliberate indifference' to that condition, *Wilson v. Seiter*, 501 U.S. 294 (1991) (citations omitted), and (3) causation, *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982) (citations omitted.)." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

In *Sims v. Mashburn*, 25 F.3d 980, 983 (11th Cir. 1994), the court described the first two elements as follows:

> An Eighth Amendment claim is said to have two components, an objective component, which inquires whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and a subjective component, which inquires whether the officials acted with a sufficiently culpable state of mind.

The objective component of an Eighth Amendment claim inquires whether the alleged wrongdoing amounted to the infliction of "unnecessary pain or suffering upon the prisoner." *LaMarca*, 995 F.2d at 1535. This standard requires that the alleged deprivation be "objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298). The objective standard "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . ., but must be balanced against competing penological goals." *LaMarca*, 995 F.2d at 1535 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation marks omitted)).

The subjective component of an Eighth Amendment claim generally "inquires whether the officials acted with a sufficiently culpable state of mind." *Sims*, 25 F.3d at 983-84 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

9

This component "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson* at 297).

In a prison condition case, the required state of mind for a defendant is "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834 (citations omitted). In defining "deliberate indifference," the Supreme Court in *Farmer* stated:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

The Court concluded that the "subjective recklessness" standard of criminal law is the test for "deliberate indifference" under the Eighth Amendment. *Id.* at 839-40. Moreover, there is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not . . . ." *Id.* at 838. It is not enough that a plaintiff proves that the defendant should have known of the risk, even though he did not know; actual

subjective knowledge is the key. *See, e.g.*, *Cottrell v. Caldwell,* 85 F.3d 1480, 1491 (11th Cir. 1996).

A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a "standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Farmer*, 511 U.S. at 844-45 (citations omitted). "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.*

Having set forth the general legal principles relevant to Plaintiff's claims, the Court now turns to the application of those legal principles to the facts before the Court.

### a. Failure to Protect

In his Complaint, Plaintiff claims that Defendant Stewart violated his right to be free from cruel and unusual punishment by failing to protect him from an attack by other inmates, identified by Defendant as LaZay Mason and Caranzo Jackson. (Docs. 1, 16-1 at 4-5, 1). Plaintiff states that he submitted an inmate request concerning his fears but was placed in E-dorm anyway, and, within two hours, was beaten and stomped in his face and back by two

11

inmates in E-dorm. It is undisputed that prior to being moved to E-dorm, Plaintiff did not identify by name which inmates he may be attacked by, and the inmates who did attack him were not on Plaintiff's validated enemy list. (*See* Doc. 16-1 at 1).

In order to establish his burden on the objective element of an Eighth Amendment failure to protect claim, Plaintiff must establish that the conditions under which he was incarcerated presented "a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. It is well-settled that "an excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm . . . . And confinement in a prison where violence and terror reign is actionable." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005). However, "occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment." *Id.* Moreover, a "prison custodian is not the guarantor of a prisoner's safety." *Id.* at 1321 (citations omitted). Thus, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. In sum, and as discussed above, a prison official's duty under the Eighth

Amendment is to ensure "reasonable safety." *Id.* at 844 (citations omitted).

In the present case, Plaintiff has not alleged that he was exposed to a substantial risk of serious harm, such as the constant threat of inmate-on-inmate violence, *see Purcell,* 400 F.3d at 1320, or to any other condition that presented a substantial risk of serious harm. *Farmer,* 511 U.S. at 834; *see also Hale v. Tallapoosa Cnty.,* 50 F.3d 1579, 1583 (11th Cir. 1995)("Hale established that, in the two years prior to the attack, that inmate-on-inmate violence occurred regularly). Failing to prove this essential element to his claim upon which he would carry the burden of proof at trial, the Court finds that Defendant Stewart's Motion for Summary Judgment is due to be granted; however, out of an abundance of caution, the Court will address the remaining elements Plaintiff must prove to succeed on his Complaint.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that he is unable to prove the subjective element of his claim: that Defendant Stewart "actually knew" of a substantial risk of harm to him and disregarded that knowledge allowing him to be attacked by his known enemies. Under the subjective component of the Eighth Amendment analysis, deliberate indifference requires

13

that the prison official be aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer,* 511 U.S. at 387.

A prison official cannot avoid liability "by showing that . . . he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault. . . ."  *Id.* at 843.  However, Eighth Amendment liability may be avoided by showing: "(1) 'that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;' (2) 'that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;' or (3) that 'they responded reasonably to the risk, even if the harm ultimately was not averted.'"  *Daniels v. Baldwin Cnty. Corrs. Ctr., Rodriguez v. Sec'y Dept. of Corrs.,* 508 F.3d 611, 617-18 (11th Cir. 2007)(citation omitted).  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence."  *Hale*, 50 F.3d at 1583 (quoting *Farmer*, 511 U.S. at 842).  "Thus, 'a factfinder may conclude that a prison official knew of a

substantial risk from the very fact that the risk was obvious.'" *Id.*

Plaintiff's allegations fail to raise a question of fact as to the subjective component. A close reading of the Complaint indicates that Plaintiff "advised these individuals I could not be placed around inmates because of the contraband I was busted with. I would be attacked." (Doc. 1 at 4). Even a liberal construction of these allegations fails to demonstrate that *Defendant Stewart* was put on notice of a threat of actual harm. Plaintiff names only Defendant Stewart as a defendant in this action, and does not name the individuals to whom he verbally conveyed his concerns.

The only allegation, which potentially ties Defendant Stewart to knowledge of Plaintiff's concerns, is the inmate request that he submitted to her. However, Plaintiff offers no evidence that he did, in fact, submit the request. Assuming Plaintiff filed the request with Defendant, he fails to notate what time he submitted the request. Without some probative evidence that he submitted the request, Plaintiff wholly fails to prove that Defendant Stewart actually knew of the risk associated with placing Plaintiff in E-dorm with his known enemies, and, with

15

deliberate indifference to that risk, placed him in E-dorm anyway.

As noted above, these types of requests are retrieved daily, Monday through Friday, not later than 8:30 a.m. (Doc. 16-1 at 1). Plaintiff was informed that he would be moved, and was moved into E-dorm on Monday, February 3, 2014. There is nothing in the record to indicate that he submitted his request form prior to this date, or that he submitted it before 8:30 a.m. on this date. This lack of evidence in the record leads the Court to conclude that Plaintiff submitted his request to Defendant Stewart after 8:30 a.m. on Monday, February 3rd. Given this conclusion, it becomes evident that Defendant Stewart would not have received the request until Tuesday, February 4th, the day after Plaintiff was moved. Therefore, without proof otherwise, it is an impossibility that Defendant Stewart could have had knowledge of the concerns raised in Plaintiff's request prior to his move.

Even if Plaintiff submitted his request in time for it to be addressed by Defendant, he fails to allege in the Complaint what information he included in the request form which might allow the Court to conclude, based on circumstantial evidence, that Defendant Stewart knew or should have known that he would be attacked. Instead, his

Complaint broadly states, with no detail, that he submitted a request regarding his concerns. At no point does he allege that he conveyed to Defendant specific facts that would lead her to believe these two inmates, or any other inmates, would attack him. Plaintiff does not state what the contraband was, nor does he address why it would result in an attack.

Plaintiff even fails to name the inmates he feared in E-dorm and likewise fails to name the inmates that attacked him. Plaintiff also fails to offer any facts underlying the riff between him and the other inmates he feared. As a result, the Court finds that Plaintiff's non-disclosure of the names on an inmate's enemy list is particularly damaging since knowledge of the identification of those individuals is required for guards to provide inmates with "reasonable safety." Vague allegations that he would be attacked by *some* inmate or purported threats that he would be attacked are not sufficient to impute knowledge to an official sitting at arm's length of the situation, like Defendant Stewart. "Threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Daniels,* at *8 (*citing Prater v. Dahm,* 89 F.3d 538, 541 (8th Cir. 1996).

In considering the evidence in its totality, *Rodriguez,* 508 F.3d 621, n. 15, Plaintiff has not enunciated, and the record does not reflect, any specific facts, such as previous altercations between Plaintiff and other named inmates, or a history of bad blood between him and other named inmates, which would have caused Defendant to be concerned about an assault on Plaintiff in E-dorm, had she actually been made aware of the situation. *Daniels,* at *9 (*citing McBride v. Rivers,* 170 Fed. App'x 648, 652 (11th Cir. 2006)("prisoner's complaint that 'me and that dude had problems. I'm in fear for my life . . .' did not amount to subjective knowledge of serious risk of harm existed")). Moreover, Plaintiff has not alleged any facts which even suggest the source of conflict between him and his enemies. *Id.* The record is devoid of any evidence sufficient to indicate that any inmates, particularly LaZay Mason and Caranzo Jackson, had made threats against Plaintiff, or that these threats were made known to Defendant Stewart. Accordingly, the Court concludes that Plaintiff fails to prove that Defendant Stewart actually knew about the potential attack and that Plaintiff fails to present evidence that he was being confined to a prison "where violence and terror reign[ed]" and where inmate-on-inmate violence abounded. *Purcell,* 400 F.3d at 1320.

## IV. Conclusion

In conclusion, having found Plaintiff's evidence insufficient for a jury to reasonably find that Defendant Stewart knew of a substantial risk of harm to Plaintiff, that Defendant was deliberately indifferent to that risk, and that Defendant's conduct caused the deprivation of Plaintiff's constitutional rights, it is recommended that Defendant's summary judgment motion be granted and this action be dismissed with prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of August, 2014.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE